UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kyong Hwa Bae Kim<br><br>             Plaintiff,<br>  v.<br><br>C W Han Corp dba Salon Jade, Changwook Han, and Joon Ja Kim<br><br>             Defendants, | Index No. 21-CV-6776<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Kyong Haw Bae Kim, through her attorneys, for her Complaint against , C W Han Corp, Changwook Han and Joon Ja Kim ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq. for Defendants' failure to properly pay minimum wage and overtime compensation to Plaintiff. During the certain course of her employment by Defendants, Plaintiff regularly worked over forty (40) hours per week. Defendants did not pay Plaintiff minimum and overtime wage properly. Plaintiff further alleges that Defendants' failure to pay minimum and overtime wages is willful and intentional.

### THE PARTIES

2. Plaintiff was at all times relevant hereto employee of Defendants.

3. Plaintiff was at all times relevant hereto an individual employed in the State of New York by Defendants.

4. Plaintiff was at all times relevant hereto resided in the State of New York.

1

5. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

6. From December 4, 2016, until January 3, 2019, Plaintiff Kyong Haw Bae Kim began her work at about 9:10 to 9:15 a.m. and ended at 7:30 to 8:30 p.m. from Monday to Saturday. She regularly worked 5 days per week but during January, February and March she worked 4 days a week. In the week of Christmas, she worked for 6 days.

7. During this period, she was paid $110 per day regardless of hours she worked in a day or a week.

8. Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

9. Plaintiff performed work for Defendants the said hour's work as an express condition of her continued employment.

10. Plaintiff regularly worked more than 40 hours a week and was never paid the overtime wages.

11. Plaintiff performed manual labor for Defendants.

12. Plaintiff was assigned to the said manual labor by Defendants.

13. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

14. Plaintiff did not have to supply her own tools and equipment in connection with her work for Defendants.

15. Plaintiff was required to report to work for Defendants at a certain time.

16. Plaintiff could not set her own hours of work for Defendants.

17. Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

18. Defendant Changwook Han is the owner and president of C W Han Corp dba Salon Jade Nail Salon.

19. Defendant Joon Ja Kim and Changwook Han are at all relevant times hereto engaged in the business of Nail Salon.

20. The defendant C W Han Corp is at all relevant times hereto engaged in interstate commerce.

21. The defendants Joon Ja Kim ("Kim") and Changwook Han ("Han") managed, supervised, established, and administered the terms and conditions of Plaintiff's employment.

22. Defendants Han and Kim participated in and approved of the unlawful pay practices of the business Salon Jade in the State of New York.

23. Defendants Han and Kim were involved in assigning work to the Plaintiff.

24. Defendants Han and Kim had the power and authority to discipline Plaintiff.

25. Defendants Han and Kim exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

26. Defendants Han and Kim hired Plaintiff.

27. Defendants Han and Kim were in charge of paying employees.

28. Defendants Han and Kim told Plaintiff where to work and when to work.

29. Defendants employed Plaintiff to do work for them in the State of New York.

30. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

31. Defendants provided the tools and equipment and materials for the Plaintiff to do her job with Defendants.

32. Defendants held Plaintiff out as an employee.

33. Defendants employed and paid Plaintiff as their employee.

34. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

35. Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

36. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

37. No exemption from overtime applies or applied to Plaintiff when they worked more than 40 hours in a workweek for Defendants.

38. Defendants failed to pay Plaintiff overtime wage for all hours worked in excess of 40 hours per workweek.

39. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

40. Defendant C W Han Corp is a New York corporation and is an enterprise as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

41. Upon information and belief, C W Han Corp has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for

commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

42. Upon information and belief, Defendant C W Han Corp at all relevant times were employers as defined by FLSA and NYLL.

43. Defendants Changwook Han and Joon Ja Kim are residents of Queens County and they are the owners of Defendant C W Han Corp.

## JURISDICTION AND VENUE

44. This Court has jurisdiction over Plaintiff' FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as all individual defendants are residents in this judicial district pursuant to 28 U.S.C. § 1391. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
## FAIR LABOR STANDARDS ACT
### Overtime Wages

45. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

46. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

47. For a certain period of her employment, Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

48. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b)

and venue are proper in this judicial district.

49. During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

50. Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

51. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay.

52. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

53. Defendants' failure and refusal to pay overtime premium at one and one-half times Plaintiff' rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

54. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

# COUNT II
## NEW YORK LABOR LAW
### Minimum Wages Claim

55. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

56. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

57. The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Minimum Wage Act Article 19 New York State Labor Law §650 et seq. Plaintiff brings this action pursuant to NYLL §663.

58. At all relevant times herein, Defendants were "employers" as defined in the NYLL §651-6, and Plaintiff was "employee" within the meaning of that Act §651-5.

59. Pursuant to NYLL §652-1, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

60. Defendants did not compensate Plaintiff minimum wages for all hours worked.

61. Defendants violated the New York Labor Law by refusing to compensate Plaintiff's minimum wages for all hours worked.

62. Pursuant to 19 NYLL 663-1 & 4, Plaintiff is entitled to recover her unpaid wages together with costs all reasonable attorney's fees, prejudgment interest, and an additional amount as liquidated damages equal to one hundred percent (100%) of the total of underpayments.

**WHEREFORE,** Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C. Reasonable attorney's fees and costs incurred in filing this action; and such other and further relief as this Court deems appropriate and just.

## COUNT III
## NEW YORK LABOR LAW
### Overtime Wages

63. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

64. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

65. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the 12 NYCRR §142-2.2.

66. Pursuant to 12 NYCRR § 142-2.2, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

67. Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) hours in individual workweeks.

68. Defendants violated the NYLL overtime wage Law by not compensating Plaintiff' overtime wages for hours worked in excess of forty (40) hours in individual workweeks.

69. Defendants willfully violated the NYLL overtime wage law by refusing to compensate Plaintiff at one and one-half times her regular rate of pay for hours worked in

excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all hours worked;

B. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Time of Hire Wage Notice Requirement Violation

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. The NYLL requires employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

72. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to the rate of pay, regular pay cycle and rate of overtime on her first day of employment.

73. Defendants not only failed to provide notice to each employee at Time of Hire but also failed to provide notice to Plaintiff even after the fact.

74. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. An award of damages for Defendants' failure to provide wage notice at the time of hire as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Pay Stub Requirement

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

77. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of plaintiff and did not provide the paystub on or after Plaintiff's payday.

78. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each plaintiff together with costs and attorneys' fees pursuant to the New York Labor Law N.Y. Lab. Law §198(1-d).

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. An award of damages for Defendants' failure to provide pay stubs as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: December 7, 2021

    /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Ste 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com